IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>                        Plaintiffs,<br>    v.<br><br>G-MAX, INC., an Indiana corporation,<br><br>                        Defendant. | FILED: AUGUST 4, 2008<br>08CV4392<br>JUDGE MORAN<br>MAGISTRATE JUDGE VALDEZ<br><br>Case No. JH<br><br>Judge |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Plaintiffs" or the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo and Charles Ingrassia for their Complaint against Defendant G-Max, Inc., ("Defendant") state as follows:

### COUNT I

### (Failure To Submit Reports and Pay Employee Benefit Contributions)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, 28 U.S.C. § 1367, and federal common law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.      Plaintiff Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      The Defendant is an Indiana corporation. The Defendant does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Defendant are parties to a collective bargaining agreement which became effective June 1, 2006 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Defendant which Agreement adopts

and incorporates Master Agreements between the Union and various employer associations, and also binds the Defendant to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7.  The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicago Demolition Contractors' Association ("CDCA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Builders' Association ("BAC"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the CARCO Industry Advancement Fund ("CARCO"), the Mid-America Regional Bargaining Association ("MARBA"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of contributions due to those Funds.

8.  The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Defendant to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Defendant, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of

3

Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Defendant to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement requires the Defendant to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Defendant has:

(a) failed to submit benefit reports and/or contributions to the Welfare Fund for the period of May 2008 forward, thereby depriving the Fund of information and income necessary to administer the Fund;

(b) failed to submit benefit reports and/or contributions to the Pension Fund for the period of May 2008 forward, thereby depriving the Fund of information and income necessary to administer the Fund;

(c) failed to submit benefit reports and/or contributions to the Training Fund for the period of May 2008 forward, thereby depriving the Fund of information and income necessary to administer the Fund;

(d) failed to submit benefit reports and/or contributions to the one or more of the related funds set forth above in paragraph 7 for the period of May 2008 forward, thereby depriving those funds of information and income necessary to administer the funds.

12. The Defendant's failure to submit contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Defendant is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant G-Max, Inc., as follows:

a. ordering the Defendant to submit its books and records to an audit for the period of April 1, 2006 to present upon demand;

b ordering the Defendant to submit benefit reports and/or contributions for the period of May 2008 forward;

c. entering judgment in sum certain against the Defendant on the amounts due and owing pursuant to the reports to be submitted and the audit, if any, including contributions, interest, liquidated damages, accumulated liquidated damages and interest on late reports, audit costs, and attorneys' fees and costs, and audit costs; and

d. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure to Pay Union Dues and Liquidated Damges)

14. Plaintiffs reallege paragraphs 1 through 13 of Count I.

15. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

16. Notwithstanding the obligations imposed by the Agreement, the Defendant has failed to submit reports and/or union dues that were or should have been withheld from the wages of its employees performing covered work for the period of May 2008 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

17. Pursuant to the terms of the Agreement, dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

18. Pursuant to the Agreement, the Defendant is liable to the Funds for the unpaid union dues, liquidated damages, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant G-Max, Inc., ordering the Defendant to submit current dues reports and/or dues for the period of May 2008 forward, ordering the Defendant to submit its books and records to the Funds for an audit for the period of April 1, 2006 to present upon demand, ordering the Defendant to pay any union dues revealed as due and owing

on the delinquent reports and audit, if any, together with all late fees, attorneys' fees and costs, audit costs, and any other legal and equitable relief as the Court deems appropriate.

August 4, 2008                                    Laborers' Pension Fund, et al.

                                                  By: _____
                                                        Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540



## CONSTRUCTION & GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO

161 BURR RIDGE PARKWAY • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8209 • FAX: 630/655-8653

### INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **G-MAX, INC.** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America, AFL-CIO ("Union")...

1. **Recognition.** ...
2. **Labor Contract.** ...
3. **Dues Checkoff.** ...
4. **Work Jurisdiction.** ...
5. **Fringe Benefits.** ...
6. **Wages and Industry Funds.** ...
7. **Contract Enforcement.** ...
8. **Successors.** ...
9. **Termination.** This Agreement shall remain in full force and effect from June 1, 2001 ... through May 31, 2006 ...
10. **Execution.** ...

Dated: 8/22/05 , 20 05

ACCEPTED:
Laborers' Local Union No. 5
By: [signature]
CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY
By: [signature] Frank Riley, President & Secretary-Treas.
By: [signature] James P. Connolly, Business Manager
For Office Use Only: MCA#

Employer: G-MAX, INC.
FEIN No. 35-2135811
By: MARK E. EVERLY  PRESIDENT (Print Name and Title)
[signature]
980 SPRINGDALE DR. (Address)
HOBART, IN. 46342 (City, State and Zip Code)
219-942-1060   219-942-2012 FAX (Telephone/Telefax)

WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER

EXHIBIT A